# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| **CHARLES JASON FUNDERBURK**<br>     **LA. DOC # 487232** | **CIVIL ACTION NO. 6:13-cv-2294** |
| **VS.** | **SECTION P** |
| | **JUDGE REBECCA F.DOHERTY** |
| **STEVE RADER, WARDEN** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

### REPORT AND RECOMMENDATION

Pro se petitioner Charles Jason Funderburk, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for habeas corpus pursuant to 28 U.S.C. §2254 on July 11, 2013. Petitioner attacks his 2010 convictions for second degree battery and simple battery and the sentences imposed thereafter by the Fifteenth Judicial District Court, Lafayette Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Statement of the Case*

On May 17, 2010 petitioner pled guilty to second degree battery and simple battery and was sentenced in accordance with a plea agreement which provided for the imposition of a five year sentence, 48-months of which would be served as home incarceration, if petitioner was determined to be eligible for such. [Doc. 1-1, p. 1, ¶2-3; Doc. 1-2, pp. 17-23; 25-38] Among other things, the Court advised petitioner that his guilty plea would operate as a waiver of his right to appeal; and petitioner further acknowledged that the only promises concerning his plea

and sentence were those set forth in the plea agreement. [Doc. 1-2, pp. 35-36] On some unspecified date thereafter, petitioner discovered that he was in fact ineligible for home incarceration and he requested that his trial attorney appeal his conviction and sentence. His request was ignored. [Doc. 1-1, p. 1, ¶6] On September 1, 2011 petitioner filed a *pro se* application for post-conviction relief seeking an out-of-time appeal and arguing four assignments of error: (1) the trial court erred in accepting a Constitutionally infirm guilty plea without an affirmative showing that the plea was intelligent and knowing; (2) the petitioner was denied effective assistance of counsel before, during and after the plea by failing to investigate petitioner's case thus leading the petitioner to believe that the State's case was stronger than it actually was and for "rending false information that lead [sic] the petitioner to enter a guilty plea to ...  erroneous charges that were falsely placed;" (3) patent error review; and (4) the trial court erred in imposing an excessive sentence and failing to articulate a factual basis for the sentence. [Doc. 1-2, pp. 2-12]

On April 4, 2012 the district court convened a hearing, heard argument and testimony from the petitioner and denied his request for an out-of-time appeal. [Doc. 1-2, pp. 17-23] In denying relief the Court observed, "Mr. Funderburk, on the plea form it clearly says with an asterisk on the side that his is a crime of violence. Once released on home incarceration then you are to begin paying your restitution. So that is assuming you would get released on home incarceration after you served your time. It clearly states five (5) years hard labor, forty-eight (48) months of home incarceration, if you should so qualify." [Doc. 1-2, pp. 22-23]

Petitioner's writ applications in the Third Circuit Court of Appeals [Doc. 1-2, pp. 13-16] and the Louisiana Supreme Court [Doc. 1-2, pp. 58-69] were denied and his post-conviction

litigation terminated on January 17, 2013 when the Supreme Court denied writs. *State of Louisiana ex rel. Charles J. Funderburk v. State of Louisiana*, 2013-0123 (La. 6/21/2013), — So.3d —; 2013 WL 3745929.

### Law and Analysis

### 1. Limitations – §2244(d)(1)(A)

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), therefore, the court must apply the provisions of AEDPA, including the timeliness provisions codified at 28 U.S.C. §2244(d). *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[1]

The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is

---

[1] Nothing in the record suggests that State created impediments prevented the timely filing of this petition; nor does the record suggest that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; finally petitioner admits that the error complained of herein was patent error and therefore he does not claim recent discovery of the factual basis of his claim. As such, petitioner is not entitled to statutory tolling as provided by 28 U.S.C. § 2244(d)(1)(B),(C), or (D).

counted against the one-year limitation period, as is the period that elapses between the date the post-conviction proceeding ceases to be properly filed and the date that the petition for *habeas corpus* is filed. *Villegas,* 184 F.3d at 472 ("[A]ny lapse of time before a state application is properly filed will be counted against the one-year limitation period."), citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998) at fn. 1 ("Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for *habeas corpus* was properly filed must be counted against the one year period of limitation.")  Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner was convicted and sentenced on May 17, 2010. He did not appeal.[2]  For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the <u>expiration of the time for seeking such review</u>" [28 U.S.C. § 2244(d)(1)(A)], thirty days following the imposition of sentence[3] or, on or about June 17, 2010. Pursuant to 28 U.S.C. §2244(d)(1) petitioner had one year from that date, or until on or about June 17, 2011 to file his federal *habeas corpus* petition.

---

[2] Indeed, under Louisiana law, petitioner could not appeal his conviction since his guilty plea waived all non-jurisdictional pre-plea defects.  *See State v. Crosby*, 338 So.2d 584 (La. 1976).  Nor could he have appealed the sentence since it was imposed in conformity with the plea agreement. See La. C. Cr.P. art. 891.2(A)(2) which provides in part, "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." Further, petitioner specifically waived his right to appeal during the plea colloquy. [Doc. 1-2, p. 35]

[3] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction, provided, "The motion for an appeal must be made no later than thirty days after the rendition of the judgment or ruling from which the appeal is taken."

4

Petitioner is not eligible for the benefits of statutory tolling as provided in 28 U.S.C. §2244(d)(2)[4] because by the time he filed his application for post-conviction relief seeking an out-of-time appeal on September 1, 2011, the AEDPA period of limitations had already lapsed.

In short, the available evidence clearly establishes that a period in excess of one year elapsed un-tolled between the date that petitioner's judgment of conviction became final for AEDPA purposes and the date he filed the instant petition for *habeas corpus*. The petition is therefore time-barred pursuant to 28 U.S.C. §2244(d)(1)(A).

## 2. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

---

[4] The statute provides for the tolling of the limitations period for the "... time during which a properly filed application for State post-conviction or other collateral review ... is pending..." 28 U.S.C. §2244(d)(2).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case.  It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

### Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In chambers, Lafayette, Louisiana August 16, 2013.

_____

**PATRICK J. HANNA**
**UNITED STATES MAGISTRATE JUDGE**